

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-48,147-04

### EX PARTE ROBERT MAXWELL FENLON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 825756-A IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined. NEWELL, J., concurred.

### O R D E R

Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to thirty years' imprisonment. The First Court of Appeals affirmed his conviction. *Fenlon v. State*, No. 01-01-00062-CR (Tex. App.—Houston [1st Dist.] Dec. 19, 2002) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on March 18, 2010. An order designating issues was signed by the trial judge on April 7, 2010. This application was not received by this Court until August 18, 2022. There is no indication in the record of any action by the trial court after

the order designating issues was signed. Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends, among other things, that trial counsel was ineffective for many reasons, including for refusing to support him in his claim of innocence and desired defense theory; not communicating with him about the case and trial strategy; failing to investigate and call witnesses to testify on his behalf; failing to adequately prepare him to testify; failing to request certain jury instructions; not adequately cross-examining the State's witnesses; stating "no objection" when the State admitted the seized evidence; and making a bad closing argument. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. And seeing that Applicant recently filed a motion asking this Court to declare his conviction void, which is some indication that he still wants to pursue this application, the trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's

performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish